IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LOUIS Z. SIMMONS**                                                                               **PLAINTIFF**

**v.**                                                                                             **No. 4:05CV281-D-A**

**CORRECTIONS CORPORATION OF AMERICA, ET AL.**                                                     **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Louis Z. Simmons, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when his filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On July 8, 2005, prison guards found inmate Frankie McKay bleeding profusely and sitting on the toilet in his cell at the Delta Correctional Facility. The plaintiff alleges that the guards at the Delta Correctional Facility cursed and threatened the inmates on McKay's tier – and fired pepper spray balls shot out of a special gun in an attempt to intimidate the plaintiff and others into divulging which inmate attacked Frankie McKay. The plaintiff and the other inmates were restrained at the time of the incident. The pepper spray balls did not hit the plaintiff or other inmates; instead the balls burst near the inmates, and the chemicals inside the balls caused the affected inmates pain and discomfort. As the warden began to question the inmates, the nurse "applied the appropriate medical attention" to each inmate.

**Discussion**

First, verbal abuse by a prison guard does not give rise to a cause of action under § 1983, *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191(5th Cir. 1997); as such, the plaintiff's claims regarding threats and cursing by the prison guards must be dismissed. Second, the plaintiff has not alleged more than *de minimis* injury; therefore, his claims regarding the defendants' use of pepper ball guns fail as well. The plaintiff claims that the prison guards used excessive force against him in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Courts must balance the constitutional rights of convicted prisoners with the needs of prison officials to use force effectively to maintain prison order. To prevail on his claim, the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993).[1] Not every malevolent touch by a prison official gives rise to a constitutional claim of excessive force; in fact, the Eighth Amendment prohibition against "'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citations omitted). A single incident of force or a single blow is *de minimis* and thus does not violate of the Eighth Amendment.

---

[1] The standard for analyzing an excessive force claim under 42 U.S.C. § 1983 is the same whether brought under the Due Process Clause by a pretrial detainee or under the Eighth Amendment by a convicted prisoner; therefore, in the following discussion the court will use citations pertaining to each interchangeably. *Valencia v. Wiggins*, 981 F.2d 1440, 1447 (5th Cir. 1993).

*Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th 1993).

In this case, the prison guards discovered that a prisoner had been beaten severely and were attempting to determine who administered the beating. Such efforts are clearly intended to maintain or restore discipline – not to be malicious or sadistic. The plaintiff's claims would fail for this reason alone; however, the plaintiff's claims also fail because he alleges, at most, *de minimis* injury, which does not rise to the level of a constitutional injury. In sum, the plaintiff's claims shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of April, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE